IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA,
FORT MYERS DIVISION

**AMERICAN DREAM BUILDERS**
**OF SOUTHWEST FLORIDA, INC.,**
a Florida corporation,

    Plaintiff,

v.

**GEORGE YIACHOS, an Individual**
**and ARETA BRATTIS, an Individual,**

    Defendants.
_____/

CASE NO:

JURY TRIAL DEMANDED

## COMPLAINT - INJUNCTIVE RELIEF SOUGHT

Plaintiff, American Dream Builders of Southwest Florida, Inc., (hereinafter "ADB" or "Plaintiff"), by and through their undersigned attorneys and hereby files this Complaint against George Yiachos, (hereinafter "Yiachos") and Areta Brattis, (hereinafter "Brattis"), (collectively referred to as "Defendants"), and allege as follows:

### NATURE OF THE ACTION

1.    Plaintiff brings this action seeking monetary and injunctive relief arising under the Copyright Act, 17 U.S.C. § 501 for Defendants' intentional infringement of ADB' copyrighted work registered under Registration Number VA0002452459119, entitled, "2329 Longboat Dr. Naples, FL (the "Copyrighted Work"), for Breach of Construction Agreement, and Foreclosure of Construction Lien.

2. Plaintiff, ADB is a Florida for-profit corporation, specializing in building luxury custom residential homes and commercial buildings in the State of Florida. Plaintiff, ADB is sought after by individuals and businesses throughout Southwest Florida and has a superior reputation throughout Florida for its high-quality homes.

3. Defendants are individuals residing in the State of Florida who contracted with Plaintiff, ADB for the construction of a new residential home in Naples, Florida.

4. Without permission, license, or consent, Defendants, individually and together, improperly copied, displayed, distributed, and assumed ownership of Plaintiff's Copyrighted Work and are continuing to use such Copyrighted Work and create derivative works.

5. Similarly, Defendants have breached their Construction Agreement with Plaintiffs and have failed to pay what is owed under the Construction Agreement.

6. By this action, Plaintiff seeks actual damages and injunctive relief against Defendants for infringement of Plaintiff's Copyrighted Work, Breach of the Construction Agreement, and Foreclosure.

7. Plaintiff seeks all remedies afforded by the Copyright Act, including preliminary and permanent injunctive relief, statutory damages, and reimbursement of its reasonable attorney's fees and costs.

## JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. §1367.

9. This Court has personal jurisdiction over Defendants because, among other reasons, Defendants reside in the State of Florida and in this judicial district, the architectural work that Defendants are infringing upon is located in this judicial district, the lien is in this judicial district, and Plaintiff is owed money pursuant to the Construction Agreement in this judicial district.

10. Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c), and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

## PARTIES

11. ADB is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located at 1813 Collier Avenue, Fort Myers, Florida 33901. ADB specializes in the construction of luxury custom residential homes and commercial buildings in the State of Florida.

12. Defendant, Yiachos, is a citizen of the United States, with a residential address of 965 Sandpiper Street, Unit 202, Naples, FL 34102 and a business address at 6376 Pine Ridge Rd., Unit 200, Naples, FL 34119.

13. Defendant, Brattis, is a citizen of the United States, with a residential address of 965 Sandpiper Street, Unit 202, Naples, FL 34102, and a business address at 6376 Pine Ridge Rd., Unit 200, Naples, FL 34119.

## BACKGROUND BETWEEN THE PARTIES

14. On or about March 17, 2022, Plaintiff and Defendants entered into a Construction Agreement for the demolition of an existing house and construction of a new residential structure at the location and belonging to the Defendants in fee simple, according to the plans, specifications, and other contractual documents acknowledged in writing by Plaintiff and Defendants. A true and correct copy of the agreement is attached hereto as **Exhibit A** (the construction agreement, together with any written modification or changes, including those set forth below, shall be referred to as the "Construction Agreement").

15. The Construction Agreement was for the improvement of certain real property, located at 2329 Longboat Drive, Naples, Collier County, Florida, as more particularly described below:

> Parcel 9, Coconut River, Unit No. 1, as recorded in Plat Book 3, Page 58, Public Records of Collier County, Florida, as more particularly described in **Exhibit B** attached hereto ("Building Site").

16. An Addendum to the Construction Agreement, which included a Specification Document, was signed between the parties on May 27, 2022, and included some additional changes to the property in the amount of $172,100 such that the total amount of the contract was $987,100. A true and correct copy of the

Addendum to the Construction Agreement ("the Addendum") is attached hereto as **Exhibit C**.

17. On or about June 14, 2023, Defendants approved a Change Order to cancel the demolition permit and submit for a building permit to "[d]emo existing home down to slab, remodel/rebuild new home per plans," a true and correct copy of which is attached hereto as **Exhibit D.**

18. On or about December 17, 2024, Defendants approved a Change Order to change roof covering from Flat concrete tile to 24-guage metal, a true and correct copy of which is attached hereto as **Exhibit E.**

19. On or about February 20, 2025, Defendants approved Framing Change Order # YF21125A to change several items including master bathroom design, size and type of exterior doors on screened lanai, and framing on two sides of screened lanai, among other things, as detailed in the change order, a true and correct copy of which is attached hereto as **Exhibit F.**

20. On or about February 20, 2025, Defendants approved Plumbing Change Order # YP22025 to address plumbing changes, a true and correct copy of which is attached hereto as **Exhibit G.**

21. On or about June 9, 2025, Defendants approved Change Order number Y6925E for low voltage wiring for 16 cameras, a true and correct copy of which is attached hereto as **Exhibit H.** Collectively, the change orders shall be referred to as the "Change Orders."

22. Plaintiff has performed work required under the Construction Agreement for which Plaintiff has not been paid, including demolition of the existing home, new building construction including slab, framing, plumbing, electrical, HVAC, roofing, windows and doors as well as miscellaneous labor.

23. On June 11, 2025, Plaintiff sent a demand letter to Defendants demanding the past due amount of $106,491.25 be paid immediately or they negotiate a mutual termination or buyout which would include payment for a license to utilize the Copyrighted Work moving forward. Attached hereto as **Exhibit I** is a true and correct copy of Plaintiff's demand letter to Defendants.

24. On or about June 17, 2025, Plaintiff notified Defendants of their breach of the Construction Agreement due to unpaid Change Orders, Invoices, and Draws that are substantially past due and of its intent to file a construction lien against the Building Site. A true and correct copy of correspondence to Defendants dated June 17, 2025, is attached hereto as **Exhibit J.**

25. On or about June 17, 2025, Plaintiff recorded its claim of lien against the Building Site pursuant to § 713.08, Fla. Stat. (the "Claim of Lien"). A true and correct copy of the Claim of Lien is attached as **Exhibit K.**

26. On or about June 17, 2025, Plaintiff executed a Letter of Notification to Collier County Building Official and Property Owner that Plaintiff was requesting to be withdrawn from the permit for non-payment on job. A true and correct copy of the Letter of Notification is attached hereto as **Exhibit L.**

27. On July 27, 2025, Plaintiff sent an additional email correspondence attempting to resolve the dispute short of litigation. A true and correct copy of this email correspondence is attached hereto as **Exhibit M**.

### THE COPYRIGHTED WORK AT ISSUE

28. On or about January 16, 2022, Allgood, as an employee of ADB, created the architectural work at issue in this case, which are the architectural floorplans for the Defendants' house located at 2329 Longboat Drive, Naples, Florida 34104.

29. The Copyrighted Work is wholly original and the result of Allgood's creativity. Because the Copyrighted Work is a work made for hire within the scope of Allgood's employment with ADB, ADB owns any and all copyright rights in and to the Copyrighted Work. True and correct copies of the architectural floorplans as filed with the United States Copyright Office are attached hereto as **Exhibit N**.

30. On or about August 18, 2025, ADB registered the architectural plans with the Register of Copyrights under the title "2329 Longboat Dr. Naples, FL". The architectural plans were assigned Registration Number VA 2-459-119. A true and correct copy of the Certificate of Registration is attached hereto as **Exhibit O**.

### DEFENDANTS' INFRINGING CONDUCT

31. On information and belief, Defendants are engaged in using the Copyrighted Work to complete the home as Defendants are now identified as the builder on the project (*See* **Exhibit P**) and have failed multiple inspections due to Defendants inexperience building a home (*See* **Exhibit Q**).

32. Defendants have published, reproduced, and created derivative works of the Copyrighted Work as well as utilized the Copyrighted Work to continue building the home without Plaintiff's authorization or consent.

33. Defendants' use of the Copyrighted Work is without Plaintiff's authorization, consent, and without any compensation to Plaintiff.

34. On information and belief, Defendants continue to utilize the Copyrighted Work and are attempting to find an architect to modify the Copyright Work which would be a violation of Plaintiff's rights to create derivative works under 17 U.S.C. §106.

35. On information and belief, Defendants' identical copying and exploitation of the Copyrighted Work was willful, and in disregard of, and with indifference to, the rights of Plaintiff. On further information and belief, Defendants' intentional, infringing conduct was undertaken to reap the aesthetic benefit and value associated with the Copyrighted Work. By failing to obtain Plaintiff's authorization to use the Copyrighted Work or to compensate Plaintiff for the use, Defendants have avoided payment of license fees and other financial costs associated with obtaining permission to exploit the Copyrighted Work, as well as the restrictions that Plaintiff is entitled to and would place on any such exploitation as conditions for Plaintiff's permission, including the right to deny permission altogether.

36. As discussed above at paragraphs 23-27, Plaintiff sent email correspondence to Defendants letting them know they were in default and that

Plaintiff had filed a lien against the Project for non-payment. The emails also informed Defendants that the plans for the Project are protected by copyright, belong to Plaintiff, and cannot be used without Plaintiff's consent.

37. To date, Plaintiff has received no response to its demand letter and, Defendants have failed to comply with the demands set out in Plaintiff's correspondence in that Defendants have not paid Plaintiff's what is owed under the Construction Agreement and are continuing to use the Copyrighted Work without Plaintiff's permission or consent.

38. As a result of Defendants' actions described above, Plaintiff has been directly damaged, and is continuing to be damaged, by the unauthorized reproduction, publication, distribution, and use of the Copyrighted Work. Defendants have never paid the past due balance or accounted to or otherwise paid Plaintiff for its use of the Copyrighted Work.

39. Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

## COUNT I
## COPYRIGHT INFRINGEMENT OF VA 2-459-119
## 17 U.S.C. § 501)

40. Plaintiff incorporates the allegations of paragraphs 1-13 and 28 - 39 above as if fully set forth herein.

41. The 2329 Longboat Dr. Naples, FL, Registration No. VA 2-459-119, are architectural plans for a residential building containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq. *See* **Exhibit N**.

42. ADB owns a valid copyright in the Copyrighted Work. *See* **Exhibit O**.

43. Defendants copied, altered, displayed, distributed and used the Copyrighted Work without ADB's authorization in violation of 17 U.S.C. § 501.

44. Defendants' infringing conduct alleged herein was willful and with full knowledge of Plaintiff's rights in the Copyrighted Work and has enabled Defendants to illegally obtain profit and benefit therefrom.

45. As a direct and proximate result of Defendants' infringing conduct alleged herein, Plaintiff has been harmed and are entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b).

46. Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for Defendants' willful infringing conduct, and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

47. Plaintiff further is entitled to reimbursement of its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

    a. That Defendants have violated Section 501 of the Copyright Act, 17 U.S.C. § 501.

      b.     Granting an injunction preliminarily and permanently enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

          i.     manufacturing, distributing, marketing, advertising, promoting, reproducing, displaying, creating derivative works, or using or authorizing any third party to manufacture, distribute, market, advertise, promote, display, reproduce, use or create derivatives of the Copyrighted Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work; and

          ii.     aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraph (b(i)).

      c.     That Defendants be ordered to destroy or deliver up for destruction all materials in Defendants' possession, custody, or control used by Defendants in connection with Defendants' infringing conduct, including without limitation all remaining copies of the Copyrighted Work and any products and works that embody any reproduction or other copy or colorable imitation of the Copyrighted Work, as well as all means for manufacturing them.

      d.    That Defendants, at its own expense, be ordered to recall the Copyrighted Work from any distributors, retailers, vendors, contractors, architects, or others that have distributed the Copyrighted Work on Defendants' behalf, and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work, and that Defendants be ordered to destroy or deliver up for destruction all materials returned to it.

      e.  Awarding Plaintiff:

          i.    Defendants profits obtained as a result of Defendants' infringing conduct, including but not limited to statutory damages and/or a reasonable royalty for Defendants continued use of the Copyrighted Work, or in the Court's discretion, such amount as the Court finds to be just and proper;

         ii.    damages sustained by Plaintiff as a result of Defendant's infringing conduct, in an amount to be proven at trial;

        iii.    should Plaintiff so elect, statutory damages pursuant to 17 U.S.C. § 504(c) instead of actual damages or profits; and

        iv.    Plaintiff's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505.

         v.    Awarding Plaintiff interest, including pre-judgment and post-judgment interest, on the foregoing sums.

  f. Awarding such other and further relief as the Court deems just and proper.

## COUNT II
## (FORECLOSURE)

48. Plaintiff incorporates the allegations of paragraphs **Error! Reference source not found.** – 27 above as if fully set forth herein.

49. This is an action to establish and foreclose a construction lien pursuant to Chapter 713 of the Florida Statutes on real property located in Collier County, Florida, for a sum in an amount more than $50,000.00, exclusive of interest, fees, and costs.

50. Plaintiff performed work under the Construction Agreement until on or about June 17, 2025, for the improvement of the Building Site.

51. Defendants failed to make payments for the work performed.

52. The Claim of Lien was timely recorded on June 17, 2025, in Official Records Book 6479, Page 3862, of the Public Records of Collier County, Florida.

53. Plaintiff timely served the Claim of Lien on the Defendants via certified mail and email correspondence in compliance with § 713.18, Fla. Stat.

54. The Claim of Lien satisfies all statutory requirements under § 713.08, Fla. Stat.

55. The sum of $106,491.25, plus interest, costs, and fees, is now due and owing Plaintiff and although demand has been made, the Defendants have failed and refused to pay same.

56. Plaintiff has performed all conditions precedent and statutory prerequisites under the Florida Construction Lien Law; Plaintiff has timely brought this action within the timeframe specified in § 713.22, Fla. Stat.

57. Plaintiff has hired the undersigned law firms for the purposes of enforcing its right under and pursuant to the Construction Lien Law and has incurred an obligation to pay its attorney a reasonable fee for which Defendant is liable in accordance with applicable Florida law, including § 713.29, Florida Statutes.

WHEREFORE, Plaintiff prays that this Honorable Court:

a. adjudicate the amount due Plaintiff;

b. adjudicate Plaintiff has a valid and existing construction lien on the interest of Defendants in the real property described in the Claim of Lien, for the amount of Plaintiff's claim with interest, costs and attorneys' fees, which lien is superior to the interests of the Defendants;

c. decree that all persons claiming under Defendants subsequent to the filing of the Notice of Lis Pendens of this action in the office of the Clerk of the County of Collier, State of Florida, and every person whose conveyance or encumbrance is subsequent to or subsequently recorded, filed, or docketed be forever barred and foreclosed of all right, claim, and lien and equity of redemption in the real property or any part thereof; and

d. decree that the interest of Defendants in the Project be sold at public sale; that the monies arising from the sale be brought into the Court; that Plaintiff be paid therefrom the amount adjudged to be due it.

## COUNT II
## (BREACH OF CONSTRUCTION AGREEMENT)

58. Plaintiff realleges, readopts and reincorporates paragraphs 1-27 as if fully set forth herein.

59. This is a cause of action for breach of contract seeking damages in an amount in excess of $50,000, exclusive of interest, fees, and costs.

60. Plaintiff performed work pursuant to the Construction Agreement, including but not limited to furnishing labor, material, and services necessary for the improvement of the Building Site.

61. Plaintiff performed work required under the Construction Agreement between the parties for which Plaintiff has not been paid, demolition of the existing home, new building construction including slab, framing, plumbing, electrical, HVAC, roofing, windows and doors as well as miscellaneous labor.

62. The Defendants accepted and retained the benefit of such labor, material, and services.

63. The Defendants' failure to pay the following Change Orders, Invoices, and draws constitutes a breach of contract: (i) Plumbing Change Order #YP22025; (ii) Change Order Y6925E; (iii) Change Order dated December 17, 2024 and signed on December 18, 2024; (iv) Electrical Allowance Accounting Y06925E; and, (v) Draw Request Y52925. True and correct copies of the outstanding invoices are attached hereto as **Exhibit R** and amount to the $106,491.25 owed.

64. Despite demand, Defendants have failed to pay the sums past due.

65. Plaintiff has been damaged the sum of $106,491.25, plus pre-judgment interest, costs, attorney's fees and future profit on the Project.

66. Pursuant to the Construction Agreement, Plaintiff is entitled to recover reasonable attorneys' fees and courts costs incurred in connection with this action.

WHEREFORE, Plaintiff demands judgment against Defendants, GEORGE YIACHOS and ARETA ELIZABETH BRATTIS, for the sum of $106,491.25, plus pre-judgment interest, attorneys' fees, and costs.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

DATED this 11th day of September, 2025.

Respectfully Submitted,

WOLTER, VAN DYKE, DAVIS PLLC
1900 Summit Tower Blvd., Suite 140
Orlando, FL  32810
Telephone:  (407) 926-7700
Email: adavis@savvyiplaw.com
Email: jdeery@savvyiplaw.com

/s/ Amber N. Davis
Amber N. Davis
Florida Bar No: 0026628
Jefferson C. Deery
Florida Bar No: 1059334

And

Ryan E. Davis
Florida Bar No. 0179851
WINDERWEEDLE, HAINES, WARD
    & WOODMAN, P.A.

16

                        329 Park Avenue North, Second Floor
                        Post Office Box 880
                        Winter Park, FL 32790-0880
                        Telephone: (407) 423-4246
                        Facsimile: (407) 645-3728
                        Email: rdavis@whww.com

                        ***Attorneys for Plaintiff***