UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMERICAN DREAM BUILDERS OF
SOUTHWEST FLORIDA, INC., a
Florida corporation,

      Plaintiff,

v.                                    Case No:  2:25-cv-00818-JES-DNF

GEORGE      YIACHOS,      an
Individual    and    ARETA
BRATTIS, an Individual,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of Defendants, George Yiachos's and Areta Brattis's, Amended Motion to Dismiss Count I of Plaintiff's Amended Verified Complaint with Prejudice (Doc. #38) filed on January 5, 2026.  Plaintiff filed its Response in Opposition (Doc. #39) on January 26, 2026.  For the reasons set forth below, Defendants' motion is denied.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)

(citation omitted).  To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level."  Id. at 555.  See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010)(stating the same). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.  "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible."  Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(citations omitted).  Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Iqbal, 556 U.S. at 679.

**II.**

The Amended Complaint ("AC") makes the following factual allegations:[1]

American Dream Builders of Southwest Florida, LLC ("American Dream Builders") began discussions with George Yiachos and Areta Brattis (collectively "Defendants") in November 2021 about building a house for Defendants. (Doc. #25, ¶14.) During these discussions, American Dream Builders provided sample floor plans and general design information from prior work to better understand Defendants' preferences. (Id.)

Beginning in January of 2022, Defendants sent photographs to David Allgood ("Allgood") providing ideas about houses and design preference Defendants liked (e.g., zero-edge pool). (Id. ¶16.) After several emails back and forth, Allgood delivered the concept that encompassed all of Defendants requests up to that point alongside a contract price of $850,000.[2] (Id. ¶17.)

Allgood's work was done within the scope of his employment with American Dream Builders, and he was the sole author of the architectural plans and the previous drafts. (Id. ¶¶ 38, 41.)

---

[1] This Court also considers the documents incorporated by reference in the Amended Complaint. Since they are incorporated by reference, there is no need to convert the motion into a motion for summary judgment. See Fed. R. Civ. P. 12(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007).

[2] During this time, Allgood drew and redrew the plans dozens of times starting with early sketches of a single-story home before evolving into a two-story, 10,017 square-foot home with a different footprint, elevation, and room configuration. (Id. ¶18.)

-3-

His design was created through Allgood's own concepts, the size limitations of Defendants' property, and Defendants' general preferences. (Id. ¶43.)

The parties subsequently entered into a Construction Agreement on March 17, 2022, including the demolition of an existing house and construction of a new residential structure. (Id. ¶19.) The new residential structure was to be built at 2329 Longboat Drive, Naples, Florida, and according to the plans, specifications, and other contractual documents agreed to by both parties. (Id. ¶¶ 19-20.)

After the parties entered the Construction Agreement, Defendants twice requested changes to the plans. (Id. ¶¶ 22-23.) First, the Defendants requested higher ceilings and later requested to change the floor plan of the first floor to include two garages. (Id.) An Addendum to the Construction agreement was drafted to include those changes as well as additional changes with a construction price of $172,100. (Id. ¶25.)

Defendants subsequently approved a Change Order to cancel the previous demolition permit and to submit for a new building permit. (Id. ¶26.) Defendants later approved four more Change Orders. (Id. ¶¶ 27-30.) These orders altered the roof, master bathroom design, size and type of exterior doors on the screened lanai, framing on two sides of the screened lanai, plumbing, and electrical wiring to account for sixteen cameras. (Id.)

-4-

American Dream Builders have performed work under the Construction Agreement, which Defendants have not paid for. (Id. ¶31.) The work includes demolition of an existing home, and building the new home including the slab, framing, plumbing, electrical, HVAC, roofing, windows and doors, etc. (Id.) On June 11, 2025, American Dream Builders sent a demand letter to Defendants for the past due amount or in the alternative to negotiate a termination or buyout—including the payment for license to utilize the plans. (Id. ¶32.)

American Dream Builders again notified Defendants of their alleged breach on June 17, 2025 before recording its claim of lien against the building site and executing a Letter of Notification to the Collier County Building Official requesting to be withdrawn from the permit for "non-payment on job." (Id. ¶33-35.) After receiving no communication or compliance from Defendants, American Dream Builders again reached out to Defendants to resolve the dispute. (Id. ¶¶ 36, 54.)

On August 18, 2025, American Dream Builders registered the architectural plans with the Register of Copyrights. (Id. ¶46.) The work was titled "2329 Longboat Dr. Naples, FL." (Id.) Despite American Dream Builders ownership of the plans, Defendants are still actively building the home using the plans. (Id. ¶¶ 47-48.) In building the home, Defendants have published, reproduced, and created derivative works without American Dream Builders's

-5-

permission.   (Id. ¶49.)   Defendants continue to search for an architect to modify the plans.   (Id. ¶51.)

### III.

#### A.   American Dream Builders Sufficiently State A Copyright Infringement Claim

Although it appears Defendants do not argue that American Dream Builders has failed to state a plausible claim generally, out of abundance of caution, the Court still analyzes whether American Dream Builders have plausibly stated a claim.

Copyright infringement has two elements: "(1) ownership of a valid copyright, and (2) copying of [protectable] elements." See Home Design Servs., Inc. v. Turner Heritage Homes, Inc., 825 F.3d 1314, 1320-21 (11th Cir. 2016)(quoting Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC, 702 F.3d 1312, 1325 (11th Cir. 2012)).   Copying can be proven either with direct proof of copying or "by demonstrating that the defendants had access to the copyrighted work and that the works are 'substantially similar.'" See Oravec v. Sunny Isles Luxury Ventures, LLC, 527 F.3d 1218, 1223 (11th Cir. 2008).

The AC sufficiently pleads the existence of ownership of a valid copyright.   First, the AC discussed that Allgood created the architectural work as well as expounded on how only Allgood worked on the drawings and published them on December 20, 2022.   (Doc. #25, ¶¶ 37-46.)   Next, American Dream Builders attached the

-6-

registration of the alleged copyrighted work as well as the architectural plans that were registered to the AC.  (Docs. ## 25-20, 25-21.)  Such documentation constitutes *prima facie* evidence of the validity of the copyright.  See Donald Frederick Evans & Assocs. V. Cont'l Homes, Inc., 785 F.2d 897, 903 (11th Cir. 1986).

Additionally, the AC sufficiently pleads direct copying. American Dream Builders allege that Defendants are currently building the home using the architectural plans developed by Allgood on file with Collier County.  (Doc. #25, ¶48.)  The architectural plans on file are the copyrighted work that American Dream Builders has not authorized or consented to the Defendants use.  (Id. ¶50.)  Such facts plausibly show that Defendants are directly copying the valid copyright.  As such, American Dream Builders have sufficiently stated a claim for Copyright Infringement.

### B.    None of The Affirmative Defenses Warrant Dismissal

Defendants raise a series of arguments asserting various affirmative defenses to the Copyright Infringement claim.  An affirmative defense is "generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence."  See Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir. 1999).

A plaintiff, however, is not required to negate an affirmative defense in the complaint.  See Wainberg v. Mellichamp, 93 F.4th

-7-

1221, 1224 (11th Cir. 2024)(citing La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004)(citation and internal quotation marks omitted), *abrogated on other grounds by* Twombly, 550 U.S. at 544)).  Nonetheless a complaint must be dismiss if its factual allegations, on their face, establish an affirmative defense that bars recovery. See Ingram v. Kubik, 30 F.4th 1241, 1250 (11th Cir. 2022); Isaiah v. JPMorgan Chase Bank, 960 F.3d 1296, 1304 (11th Cir. 2020); Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

The Court addresses Defendants' defenses in turn.

### (1)    There Is No Implied License Shown on the Face of the Complaint

Defendants argue that when American Dream Builders withdrew from the building permit they granted an implied irrevocable license to use the plans, thereby barring this action.  (Doc. #38, pp. 6-11.)  Defendants assert that American Dream Builders intended for the Defendants to obtain approvals and construct the residence since the form for withdrawal states "the owner will assume responsibility of the permit and will need to hire a new licensed contractor or provide the owner/builder affidavit and documentation to proceed."  (Doc. #25-18.)

The Eleventh Circuit outlined a three-part test in determining whether an implied license exists.  A party creates an

implied license when it: (1) creates a work at another person's request; (2) delivers the work to that person; and (3) intends that the person copy and distribute the work." See Latimer v. Roaring Toyz, Inc., 601 F.3d 1224, 1235 (11th Cir. 2010).

Nothing on the face of the AC establishes such a defense. Defendants point to the "Letter of Notification" filed by American Dream Builders that is attached to the AC to show that the claim is barred. (Doc. #25-18.) This, however, only establishes that American Dream Builders was no longer going to be the contractor due to non-payment of the job. (Id.)

Additionally, the current alleged facts and documents attached to the AC show American Dream Builders filed the Letter of Notification the same day it sent a letter to Defendants regarding the alleged breach. (Doc. #25-16.) In this letter, American Dream Builders explicitly notified Defendants that the contested plans "are considered [to] be a copyrighted Instrument of Service and they belong to [American Dream Builders], and [American Dream Builders] will not agree to allow another builder" to use the plans. (Id.) Accordingly, the current facts as plead do not establish the third element for the creation of an implied license.

**(2)    There Is No Derivative Work Defense Shown on the Face of the Complaint**

Defendants also argue that the architectural plans are based "substantially on preexisting designs and owner-supplied concepts rather than a wholly original architectural creation." (Doc. #38, p. 11.)

The Copyright Act only provides protection in a compilation or derivative work "to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work." See 17 U.S.C. § 103(b). To bring an action, the plaintiff must be the "legal or beneficial owner of an exclusive right under a copyright." See 17 U.S.C. § 501(b). Without such right, the action is barred.

However, again, nothing on the face of the AC establishes such a defense. Accepting the facts of the AC—as this Court must—the plans were drafted by Allgood—an employee of American Dream Builders. (Doc. #25, ¶37.) Allgood was the sole author of the plans, which he created within the scope of his employment. (Id. ¶¶ 40-41.) The multiple iterations were all based on Allgood's own concepts, the size limitations of Defendants' property, and Defendants' general preferences. (Id. ¶43.) Any input received from Defendants was limited to "customer preference, such as preferences for ceiling height, garage layout, and room finishes." (Id. ¶45.) There are no facts in the AC that show the presence of

any preexisting design or even owner-supplied concepts beyond preferences for the home.  As such, the derivative work defense does not bar this action at this stage.

### (3)   There Is No Joint Authorship Defense Shown on the Face of the Complaint

Defendants next argue that the plans constitute a joint work because the Defendants made material design contributions.  (Doc. #38, p. 14.)

Under the Copyright Act, "the authors of a joint work are co-owners of copyright in the work."  See 17 U.S.C. § 201(a).  Joint work is "a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole."  See 17 U.S.C. § 101. The Eleventh Circuit defined the terms "inseparable" and "interdependent" as used in this provision, explaining:

> [I]f author B's contribution when combined with author A's contribution results in recasting, transforming or adapting A's contribution, then the two contributions may be said to be inseparable. If the process is simply one of assembling into a collective whole A's and B's respective contributions, without thereby recasting A's contributions, then the two contributions may be said to be interdependent.

See M.G.B. Homes, Inc. v. Ameron Homes, Inc., 903 F.2d 1486, 1493 (11th Cir. 1990), *abrogated on other grounds by* Fastcase, Inc. v. Lawriter, LLC, 907 F.3d 1335 (11th Cir. 2018)(internal quotation omitted).  Other circuits have looked to whether "each of the putative co-authors (1) made independently copyrightable

contributions to the work; and (2) fully intended to be coauthors." See Arez v. Douglas, 2013 WL 12123678 at *2 (M.D. Fla. Nov. 27, 2013)(citing Childres v. Taylor, 945 F.2d 500, 505-06 (2d Cir. 1991)); see also Thomason v. Larson, 147 F.3d 195, 200 (2d Cir. 1998)(utilizing same elements); Erickson v. Trinity Theatre, Inc., 13 F.3d 1061, 1071 (7th Cir. 1994)(utilizing the same elements). Each co-author owns an undivided interest in the copyright and has an independent right to use the work without the permission of the other co-owners.  See M.G.B. Homes, Inc., 903 F.2d at 1493.

Here, the facts of the AC do not establish a joint work.  As discussed above, all plans were drafted by Allgood.  (Doc. #25, ¶37.)  While Allgood considered the Defendants' input, the input was limited to "customer preference."  (Id. ¶45.)  Further, the Defendants never provided any drawings of their own for either the alleged plans or prior drafts.  (Id.)  While it is expected for there to be collaboration in the drafting architectural plans for a residence, none of the above facts establish that American Dream Builders intended to be coauthors.  Instead, upon reviewing the Construction Agreement—which this Court may do under the incorporation-by-reference doctrine—the facts show that American Dream Builders intended to be sole owners by creating an option for Defendants to purchase the plans.  (Doc. #25-5, p. 3.) Accordingly, Defendants are not co-authors for the sake of the instant motion.

-13-

**C.    Defendants' Remaining Arguments Are Denied**

Since the remaining arguments rely upon the finding of an existence of a license or the dismissal of Count I, the remaining arguments presented by Defendant are denied.

For the reasons set forth in this order, the motion to dismiss will be denied.

Accordingly, it is now

**ORDERED:**

Defendants' Amended Motion to Dismiss Count I of Plaintiff's Amended Verified Complaint with Prejudice (Doc. #38) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this   9th   day of March, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record